## Case No. 1,010.

### Ex parte BARNES.

[1 Spr. 133;[1] 9 Law Rep. 314.]

District Court, D. Massachusetts. April Term, 1846.

HABEAS CORPUS — ISSUANCE BY COMMISSIONER — HABEAS CORPUS AD TESTIFICANDUM.

1. A commissioner of the circuit court has not the power to issue a writ of habeas corpus, to take from jail a person committed by authority of the United States, and bring him before the commissioner, for the purpose of giving his deposition before such commissioner, to be used in a cause pending in the district court.

2. Whether a judge of a court of the United States can exercise the power of issuing writs of habeas corpus ad testificandum, in vacation, even for the purpose of bringing witnesses into court at the approaching session—quaere.

This was an application by the marshal to be allowed certain fees for bringing witnesses from jail. The point raised in the case will appear from the opinion of the court.

George T. Curtis, in support of the application.

SPRAGUE, District Judge. The question which has been argued by counsel, in the present case, is, whether a commissioner of the circuit court, has the power to issue a writ of "habeas corpus," to take from jail a person committed by authority of the United States, and bring him before the commissioner, for the purpose of giving his deposition before such commissioner, to be used in a cause pending in the district court. The first statute cited is that of 1812, [2 Stat.] c. 25, § 1, which authorizes the circuit court to appoint commissioners to take affidavits and bail. And the next is the statute of 1817, c. 203, [Story's Laws; 3 Stat. 350, c. 30,] which authorizes such commissioners to "exercise all the powers that a justice or judge of any of the courts of the United States may exercise, by virtue of the 30th section of the judiciary act" of 1789, [1 Stat. 88,] c. 20. By that section, power is given to "any justice

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

or judge of any court of the United States, any chancellor, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of a county court, or court of common pleas of any of the United States," to take depositions. "And any person may be compelled to appear" before them "in the same manner, as to appear and testify in court."

It is urged, that the clause authorizing the magistrate to compel the appearance of the witness, gives a power to issue a writ of "habeas corpus," to bring a prisoner from jail for that purpose. By the 14th section of the same statute, the supreme, circuit, and district courts of the United States, are authorized to "issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." And that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of "habeas corpus," for the purpose of an inquiry into the cause of commitment, with a proviso, that the writ of habeas corpus shall not extend to persons in jail, unless they are in custody under color of laws of the United States, or necessary to be brought into court to testify. By the statute of 1833, [4 Stat. 634,] 2d Sess. c. 57, § 7, further power is given to the justices and judges of the courts of the United States, to issue writs of "habeas corpus."

The question is, whether the 30th section of the judiciary act, gives power to take prisoners from jail and bring them before the magistrate, merely for the purpose of giving depositions. If it does, then all the magistrates therein named, including the state judges, and mayors of cities possess it. And all the prisoners of the United States are subject to it, and may be carried to any part of the district, at the pleasure of the commissioner, or judge of a county court of the state, or the mayor of the city. Considering the danger and inconvenience of such a construction, and that the power to issue writs of "habeas corpus" is given to the courts and judges of the United States by other statute provisions, guarding and limiting its exercise, and that the words of the section relied upon, are satisfied by the usual modes of compelling attendance, I do not think that, by the true construction of the 30th section of the judiciary act, it confers the power to issue writs of "habeas corpus" now contended for. Judge Conkling, in his treatise [on United States Courts,] page 247, intimates the opinion, that the power to issue writs of habeas corpus ad testificandum is confined to the courts of the United States, and cannot be exercised by a justice or judge of such courts in vacation, although for the purpose of bringing witnesses into court, at the approaching session.